*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DANIEL V. DENNIS, | ) | |
| | ) | Supreme Court No. S-14989 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-11-02914 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF | ) | |
| ADMINISTRATION, DIVISION | ) | No. 6878 – March 21, 2014 |
| OF MOTOR VEHICLES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael A. MacDonald, Judge.

Appearances: Kenneth L. Covell, Fairbanks, for Appellant. Andy Harrington, Assistant Attorney General, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I. INTRODUCTION

A motorist was arrested for driving under the influence of alcohol and submitted to a breath test that indicated his breath alcohol concentration was over the

legal limit. The motorist challenged the revocation of his driver's license at a hearing before the Division of Motor Vehicles, arguing that the breath test instrument's calibration was not properly verified. The hearing officer concluded that the scientific director of the Department of Public Safety followed the controlling regulation by providing for this verification to be performed automatically. The superior court agreed with the hearing officer and we affirm.

## II.     FACTS AND PROCEEDINGS

Daniel Van Dennis was arrested for driving under the influence of alcohol and submitted to a chemical test, which showed that his breath alcohol concentration was over the legal limit. Dennis received a notice of the revocation of his driver's license, and he requested a hearing to contest the revocation. Before the hearing, Dennis filed a motion to suppress the breath test result, arguing that the verification report for the instrument's calibration did not comply with the controlling regulation.

The verification report at issue was signed by the Scientific Director of the State Breath Alcohol Program, stating:

> (1) I am a Forensic Scientist IV for the State of Alaska Scientific Crime Detection Laboratory.
>
> (2) The Alaska Scientific Crime Detection Laboratory is an entity within the Department of Public Safety.
>
> (3) I am the Scientific Director of the State Breath Alcohol Program.
>
> (4) In that capacity, I am responsible for overseeing the Breath Alcohol Program, which includes assuring that instruments are calibrated and maintaining program records.
>
> (5) The above is a true and accurate verification of calibration, which is performed by the instrument's software, as specified by the State Breath Alcohol Program.

Verification of calibration is a regularly conducted and regularly recorded activity of the state breath alcohol program.

(6) The referenced instrument is certified for evidentiary use in the State of Alaska.

The hearing officer found that the verification had been properly performed by the scientific director or her designee. The hearing officer denied Dennis's motion to suppress the breath test and affirmed the license revocation. Dennis appealed to the superior court, which affirmed the hearing officer's decision.

## III.   STANDARD OF REVIEW

Alaska Statute 28.15.166(m) "provides that the court may reverse the department's determination if the court finds that the department misinterpreted the law, acted in an arbitrary and capricious manner, or made a [factual] determination unsupported by the evidence in the record."[1] "Where the superior court acts as an intermediate court of appeals, we independently review the hearing officer's decision."[2]

## IV.   DISCUSSION

Dennis's sole argument in this appeal is that the result of his breath test should not have been admitted against him because the verification of the instrument's calibration was performed by the instrument's software. He relies on 13 Alaska Administrative Code (AAC) 63.100(c), which provides:

At intervals not to exceed 60 days, the accuracy of the calibration of a breath test instrument must be verified. The verification of calibration must be performed by the scientific director or by a qualified person designated by the scientific

---

[1]   *Alvarez v. State*, 249 P.3d 286, 290-91 (Alaska 2011) (citation and internal quotation marks omitted).

[2]   *Id.* at 291 (citation and internal quotation marks omitted).

director. A written report of the verification of calibration shall be made by the person who performed that verification.[3]

To implement this regulation, the Department of Public Safety has adopted a Breath Alcohol Procedure Manual, which details the procedure for this verification:

> Per 13 AAC 63.100 the accuracy of the calibration of the breath test instruments must be verified at least every 60 days. The documentation of this accuracy check is the verification of calibration report. The accuracy check performed for the verification of calibration report consists of a diagnostic check and five tests of the external dry gas ethanol standard. The verification of calibration procedure is incorporated into the instrument software under the direction of the scientific director. A verification of calibration is initiated by the instrument software in intervals of less than 60 days . . . .[4]

In the past, these verifications were initiated manually. Now, they are initiated by the instrument's software. The manual provides that "[a]t the completion of a successful verification of calibration the instrument stores a copy of the written report to memory." Next, the instrument's memory is "uploaded to a crime lab computer. . . . The completed verification of calibration report is printed from the uploaded file and technically reviewed by the members of the breath test section," and the report is then "signed and notarized by the scientific director."

The verification report certifies that the scientific director is "responsible for overseeing the Breath Alcohol Program, which includes assuring that the instruments

---

[3] 13 AAC 63.100(c) (2013).

[4] Dennis argues briefly in his reply brief that the breath alcohol procedure manual "is not in the Administrative Record and ought not be relied on at all." However, the hearing officer took official notice of the manual, and Dennis did not raise any objection at that time.

are calibrated and maintaining program records." In that capacity, the scientific director ensures that the proper verification procedure is incorporated into the instrument software. Technical review of the verification reports "is performed by a qualified member of the breath alcohol section prior to the report being reviewed and signed by the scientific director." The technical review includes several components, which are repeated by the scientific director.[5] Once the scientific director signs the verification report, the "report certifies the instrument for continued evidentiary use in the State of Alaska."

We presume that the scientific director properly discharged the duties outlined in the breath alcohol procedure manual.[6] This presumption and the facts certified in the verification report support the hearing officer's conclusion that the scientific director performed this verification.

Dennis relies on *Keel v. State*,[7] where we held that a breath test result was inadmissible because the applicable regulation required the instrument to be calibrated by a certified "instructor,"[8] and the state had "failed to prove that the last calibration of

---

[5]     These components include verification that the external dry gas ethanol standard cylinder lot number and expiration date are included in the list of approved cylinders kept at the crime lab; that the five external standard results fall within +/- 0.005 of the target value, adjusted for barometric pressure; that the standard deviation of the five external standard results is equal to or less than 0.0030; that each component of the diagnostic check reads "passed"; and that there are no status messages.

[6]     *See Wallace v. State*, 933 P.2d 1157, 1162 (Alaska 1997)("Where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties." (citation omitted)).

[7]     609 P.2d 555 (Alaska 1980).

[8]     *Id.* at 558.

the instrument prior to [the appellant's] test was done by an instructor as defined by the regulations."[9] Dennis argues that this case is controlled by *Keel* because, in both cases, "the wrong individual performed the test."

However, *Keel* is distinguishable because, there, the regulation required an "instructor" to calibrate the machine, and we concluded that this requirement had not been satisfied.[10] Here, by contrast, there is no issue about the qualifications of the scientific director or the personnel she designates to assist her with the verification report. We conclude that the procedures detailed in the manual support the hearing officer's finding that the verification in this case was performed by the scientific director.

When the superior court reviewed the hearing officer's decision in this case, the judge concluded that "[v]erification of calibration is performed by [the scientific director] to the extent that, by program[m]ing the software, she is causing verification of calibration to be automatically initiated at regular intervals and she is causing the test results to be automatically sent to her. This complies with 13 AAC 63.100." We agree with the superior court's reasoning. We thus conclude that the verification procedure described in this record complies with the controlling regulation.

## V.    CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's decision to uphold the decision of the Division of Motor Vehicles.

---

[9]    *Id.*

[10]    *Id.* at 558-59